UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

June 1, 2006

Memo To Counsel Re: Dalila Ordonez v. Norfield Industries, et al.
Civil No. JFM-05-2836

Dear Counsel:

I have reviewed the memoranda submitted in connection with Georgia-Pacific's motion to dismiss the amended complaint. The motion is granted.

As you know, I previously granted a motion filed by Georgia-Pacific to dismiss the claims asserted by plaintiff in her original complaint on the ground that Georgia-Pacific was only an "occasional seller" of the double end trim saw that gave rise to plaintiff's injuries. However, I granted plaintiff leave to file an amended complaint permitting her to assert a failure to warn claim. In granting her leave, I advised plaintiff that she "must allege facts . . . that would establish that Premdor and Masonite were *not* sophisticated users."

Plaintiff has alleged no such facts in her amended complaint. Instead, she alleges facts demonstrating that it was feasible for Georgia-Pacific to warn her and other employees of Premdor/Masonite about the dangers the double end trim saw presented. She contends that such allegations are sufficient "to show that the 'sophisticated user' defense is immaterial to . . . Georgia-Pacific's liability." Pl. Mem. In Opp'n at 2.[1] She relies upon the following language in *Kennedy v. Mobay Corp.*, 84 Md. App. 397, 412-13, 579 A.2d 1191, 1199 (1990), *aff'd*, 325 Md. 385, 601 A.2d 123 (1992):

---

[1] Because plaintiff has chosen not to allege facts showing that Premdor/Masonite were not sophisticated users, she is, in effect, implicitly conceding they were. Therefore, it is appropriate to treat Georgia-Pacific's motion as one to dismiss. Even assuming, however, that plaintiff is not implicitly conceding that Premdor/Masonite were sophisticated users, Georgia-Pacific is entitled to be immediately relieved of the burden of this litigation. The expert's report plaintiff attached to her opposition to defendant's motion to dismiss the original complaint (referred to in my earlier opinion) unquestionably establishes that Premdor/Masonite were sophisticated users. Therefore, in the event that plaintiff has not conceded that point, Georgia-Pacific's motion should be deemed to be a motion for summary judgement and should be granted as such.

> There *is* a duty to warn of defects or propensities that make a product hazardous, and that duty *does* extend ordinarily to those who may reasonably be expected to use or come into harmful contact with the product...
>
> ...Where it is impracticable for the supplier to give adequate warnings directly to all who may use or come into contact with the product, some substitute for such direct warnings is required, even in strict liability cases...
>
> ...the focus remains on the conduct of the supplier, but that conduct is judged in light of the circumstances. Among those circumstances are the feasibility of giving direct warnings to all who are entitled to them and, where that is not feasible, whether the supplier acted in a manner reasonably calculated to assure either that the necessary information would be passed on to the ultimate handlers of the product or that their safety would otherwise be attended to. In such a situation that is all, that reasonably can be asked and we think, that the law requires...
>
> ...To this extent, and in this form, we recognize the defense as a part of Maryland product liability law.

The language plaintiff quotes does lend support to her position. However, I do not read Maryland law as holding that the sophisticated user defense is unavailable whenever a jury might find that it was feasible for a supplier to provide a warning about its product. Several things lead me to that conclusion.

First, the Maryland Court of Appeals has adopted the six factor test, first articulated in the seminal case of *Goodbar v. Whitehead Brs.*, 591 F.Supp. 552, 557 (W.D.Va 1984), *aff'd sub nom.*, *Beale v. Hardy*, 769 F.2d 213 (4th Cir. 1985), for determining whether the sophisticated user defense applies. *See Eagle-Pitcher Indus., Inc.*, 326 Md. 179, 219, 604 A.2d 445, 464 (1992). Only the sixth of these factors relates to the feasibility of a warning being given by the supplier.

Second, even the sixth factor under the *Goodbar/Eagle-Picher* test is described as "the burdens imposed on the supplier by requiring that he directly warn all users." *Goodbar*, 591 F.Supp. at 557. This description implies that even if it is *feasible* for a supplier to give a warning, the absence of a warning is not itself dispositive in the event that providing the warning would be unduly *burdensome*. Therefore, plaintiff is incorrect in contending that feasibility alone is dispositive of the question whether the sophisticated user defense applies.

Third, another of the factors under the *Goodbar/Eagle-Picher* test is "the reliability of the third party [i.e., the intermediary to whom the defendant directly sold the product] as a conduit of necessary information about the product." *Id*. Here, Georgia-Pacific clearly had reason to believe that Premdor/Masonite, which used the saw in question as part of its business of manufacturing pre-hung door assemblies, and which, as plaintiff's employer, had legal responsibility to advise her of dangerous work place conditions, could be relied upon to provide any necessary warnings to plaintiff. As stated in *Goodbar*, "when the supplier has reason to believe that the purchaser of the product will recognize the dangers associated with the product, no warnings are mandated." 591 F.2d at 561.

Fourth, Georgia-Pacific used the double end trim saw at its Frederick plant, and it transferred title to the saw to Premdor/Masonite as part of a transaction in which it sold all of the assets of the Frederick plant to Premdor/Masonite. Under similar circumstances involving

the sale of a complete factory, the Fourth Circuit has found that it would be unreasonably burdensome to require the seller to provide a warning about a product's potential danger to the employees of the purchaser.  *See O'Neal v. Celanese Corp.*, 10 F.3d 249, 254 (4th Cir. 1993).[2]

      Because I find that Georgia-Pacific is entitled to the sophisticated user defense, I need not consider its related argument that Premdor/Masonite's own failure to give a warning constituted a superseding cause of plaintiff's injury.  I note, however, that given the facts that Georgia-Pacific could reasonably expect that Premdor/Masonite would provide adequate warnings to their employees about potentially hazardous work place conditions and that for more than four years Premdor/Masonite did not warn their employees about the saw's lack of a blade guard and the dangers associated with placing one's hands in the vicinity of such a blade, this defense too may well have merit.  *See, e.g.*, *Singleton v. Manitowoc Co.*, 727 F.Supp. 217 (D. Md. 1989), *aff'd*, 931 F.2d 887 (4th Cir. 1991); *Mondshour v. General Motors Corp.*, 298 F.Supp. 111, 114 (D. Md. 1969).

      A separate order effecting the ruling made in this memorandum is being entered herewith.

/s/
J. Frederick Motz
United States District Judge

---

[2] I am aware that the Maryland Court of Appeals has indicated in the context of considering the viability of a sophisticated user defense that "[u]sually inquiries into the reasonableness of conduct are the province of the jury rather than of the court." *Eagle-Picher*, 326 Md. at 220, 604 A.2d at 464.  Here, however, the facts upon which I am upholding Georgia-Pacific's sophisticated user defense are undisputed, and I find that no reasonable jury could find on the basis of those facts that Georgia-Pacific was under any duty to provide plaintiff with a warning about the potential danger of the double end trim saw.